People v Singleton-Pradia (2019 NY Slip Op 01913)





People v Singleton-pradia


2019 NY Slip Op 01913


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


210 KA 17-00128

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRENDYN J. SINGLETON-PRADIA, ALSO KNOWN AS BRENDYN SINGLETON, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Daniel J. Doyle, J.), rendered February 10, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree. 
It is hereby ORDERED that the case is held, decision is reserved and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a controlled substance in the fourth degree (§ 220.09 [1]). We agree with defendant that Supreme Court erred in failing to determine whether he should be afforded youthful offender status (see People v Rudolph, 21 NY3d 497, 501 [2013]; People v Willis, 161 AD3d 1584, 1584 [4th Dept 2018]). Defendant is an eligible youth and, as the People correctly concede, the sentencing court must make "a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it" (Rudolph, 21 NY3d at 501; see People v Lester, 155 AD3d 1579, 1579 [4th Dept 2017]). We therefore hold the case, reserve decision, and remit the matter to Supreme Court to make and state for the record a determination whether defendant should be afforded youthful offender status (see Rudolph, 21 NY3d at 503; Lester, 155 AD3d at 1579).
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court